## GLAZER v. CLIFT, (SHERIFF.)

An officer, in order to justify the seizure of property in the possession of a stranger to the writ which he has executed, must plead specially such justification. He can not justify under a general denial of the allegations of the complaint.

The general denial only puts in issue the allegations of the complaint. New matter must be specially pleaded, and new matter is that which the defendant must affirmatively establish.

APPEAL from the District Court of the First Judicial District, County of San Bernardino.

This is an action to recover the possession of certain goods, wares, and merchandise, alleged in the complaint to be the property of the plaintiff, and to have been wrongfully seized and taken from his possession by the defendant, and wrongfully and unlawfully detained from the plaintiff. To the complaint, the defendant filed a general denial.

On the trial, the defendant introduced evidence to prove that the goods, wares, and merchandise, were the property of one Lewis Glazer, a brother of the plaintiff, and that they had been transferred by said Lewis Glazer to the plaintiff, with the intent to defraud the creditors of said Lewis Glazer, and that the plaintiff took the goods with full knowledge of such intent, and that the defendant seized said goods as sheriff of San Bernardino county, upon an attachment issued against the property of said Lewis Glazer. To the introduction of this evidence the plaintiff objected, on the ground that the facts had not been pleaded, and could not be proved under the general denial. The Court overruled the objection, and the plaintiff excepted. The evidence

was then introduced, and the defendant had judgment, from which plaintiff appealed.

*Kewen and Cadwalader* for Appellants.

Cited Gaskill *v.* Trainer, 3 Cal., 334; Texier *v.* Gaiser, 5 Duer, 389; Gushee *v.* Leavitt, 5 Cal., 160; Piercy *v.* Sabin, 10 Cal., 22.

*Latham and Sunderland* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This is an action to recover the possession of certain goods alleged to be the property of the plaintiff, and to have been wrongfully taken and detained by the defendant. The complaint is in the usual form. The answer consists of the general denial. On the trial, the defendant introduced evidence that the goods were the property of Lewis Glazer, and had been seized under an attachment against him, and that they had been transferred to the plaintiff for the purpose of defrauding the creditors of Lewis Glazer. To the introduction of this evidence the plaintiff objected, on the ground that the facts had not been pleaded, and were inadmissible under the general denial.

It is well settled that an officer, in order to justify the seizure of property in the possession of a stranger to the writ which he has executed, must plead specially such justification. This was the rule in the common-law system of pleading, which allowed defences under the general issue much more frequently than is permissible under our code of procedure. The rule was founded in reason—to prevent surprise, and to enable the adverse party to prepare for the trial with knowledge of the matter he was expected to meet. (Demick *v.* Chapman, 11 Johns., 131; Root *v.* Chandler, 10 Wend., 111; Ely *v.* Ehle, 3 Coms., 506; 1 Saund. R., note to case of Green *v.* Jones, 298, and authorities there cited; Van Ellen *v.* Hurst & Cushing, 6 Hill, 311; Noble & Eastman *v.* Holmes, 6 Hill, 195; Thornburgh *v.* Hand, 7 Cal., 554.)

Under our practice, the general denial only puts in issue the allegations of the complaint. New matter must be specially pleaded. This was expressly decided, at the last term of this Court, in *Piercy v.* Sabin, (10 Cal., 22,) where it was held that new matter is that which the defendant must affirmatively establish.

Judgment reversed, and cause remanded.