[No. 5889.]
## SACKETT *v.* JOHNSON.

NEGOTIABLE INSTRUMENT — INDORSEE — CONSIDERATION. — A pre-existing indebtedness of the indorser to the indorsee constitutes a valuable consideration for the indorsement and transfer of a negotiable instrument; and such an indorsee is an *indorsee in due course* within the definition of § 3123 Civil Code.

APPEAL from an order granting plaintiff a new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The Court below, in addition to the finding quoted in the opinion, found that " at the time of the delivery of said note to plaintiff, she did not pay any value therefor, nor at any time part with anything of value, or assume any new obligation as a consideration for the indorsement and delivery to her of said note."

The statement on motion for a new trial specifies that the evidence was insufficient to sustain this finding. The note was executed June 9th, 1874. The deed referred to in the argument of appellant's counsel, was dated July 10th, 1874, two days before the assignment. The other facts are stated in the opinion.

*Daniel T. Sullivan,* for Appellant.

The plaintiff is not an indorsee for value. In *Payne* v. *Bensley,* 8 Cal. 260, the Court for the first time held that a negotiable note of a third person, taken *bona fide* before maturity, as security for a pre-existing debt, was not subject to any defense existing at the date of the assignment between the original par-

ties.   The reason for the decision is stated by the Court to be, that by the taking of the note, the plaintiff lost his remedy by attachment; and the same reason existed for the decisions in *Robinson* v. *Smith*, 14 Cal. 94, and *Frey* v. *Clifford*, 44 Id. 335.   In *Naglee* v. *Lyman*, 14 Cal. 454, the question as to " whether negotiable paper taken before maturity as collateral security for an antecedent debt, *without any change in the rights of the creditor in relation to such debt*, is subject to the equities existing between the original parties," is treated as an open one.   " In *Payne* v. *Bensley*, the Court only intimated its opinion; the decision was placed on another ground."   The Court then proceeds to say that, " where there *is* a change in the legal rights of the parties in relation to the antecedent debt, the creditor taking the collateral security is considered a holder for value."

In this case the plaintiff lost nothing by taking the security, for her right to attach was already gone, she having previously taken a deed from Bolinger to secure her.

Again, under the law, *when the note was made*, a pre-existing debt—under the circumstances in this case—was not such a consideration as precluded inquiry into the equities between the maker and indorser.   (Civ. Code, § 14, subd. 28, and note of annotators to § 3123.)   The obligations assumed by the appellant in the making of the note in question, were fixed by the law existing at that time; and no subsequent change in the law can operate to take away any right or defense secured to him by the law at the date of the execution of the paper.   The obligation of a contract depends upon the law in force when it was made.   This is necessarily referred to in all contracts, and forms part of them.   *(McCracken* v. *Hayward*, 2 How. 612; *Walker* v. *Whitehead*, 16 Wall. 314–317 ; 2 Parsons' Bills and Notes, pp. 335, 338, 342; *Stacy* v. *Baker*, 1 Scam. 417 ; *Ozy* v. *Winter*, 8 Martin, (La.) 142.)

*Daniel Titus*, for Respondent.

One who takes a negotiable promissory note, not yet due, as collateral security for an antecedent debt, without notice of in-

firmities in the note, is a *bona fide* holder for value. (*Payne* v. *Bensley*, 8 Cal. 266; *Robinson* v. *Smith*, 14 Id. 98; *Naglee* v. *Lyman*, 14 Id. 454; *Frey* v. *Clifford*, 44 Id. 342; *Manning* v. *Maclure*, 36 Ill. 495; *Shufeldt* v. *Reas*, 16 Wis. 662; Civ. Code, § 3124.)

Department No. 2, SHARPSTEIN, J.:

This is an action of an indorsee against the maker of a promissory note.. The defense is, that there was no consideration for the making or for the indorsement and transfer of the note. The Court found that there was no consideration for the execution or delivery of the note; but further found "that on the 12th day of July, 1874, and before the maturity of said note, the said Bolinger (the payee) indorsed and delivered said note to the plaintiff as security for a pre-existing debt of about nineteen hundred dollars, due from said Bolinger to said plaintiff."

In the absence of any finding or evidence that the plaintiff had notice of the want of consideration as between the maker and payee, the only question to be determined is, whether the plaintiff, in good faith, in the ordinary course of business, and for value, acquired the instrument indorsed to her? In other words, is she an indorsee within the definition of § 3123 of the Civil Code?

It is urged, on behalf of the defendant, that the element of value for the indorsement is wanting, and that the transfer of the note as security for a pre-existing indebtedness of the indorser to the indorsee does not fulfill the requirement of the law in respect of value. In this State, that cannot be regarded as an open question. It has been held in *Payne* v. *Bensley*, 8 Cal. 266; *Robinson* v. *Smith*, 14 Id. 98; *Naglee* v. *Lyman*, 14 Id. 454; *Frey* v. *Clifford*, 44 Id. 342, and *Davis* v. *Russell*, 52 Id. 611, that a pre-existing indebtedness of the indorser to the indorsee constitutes a valuable consideration for the indorsement and transfer of a negotiable instrument. We do not think that subd. 28 of § 14 of the Civil Code, as originally adopted, changed the rule which had previously prevailed upon this question. Besides, it is our understanding that the clause relied

upon by the appellant was repealed by the amendments of 1873–4, which took effect before the date of the transfer of the note in this case.

The order granting a new trial is affirmed.

THORNTON, P. J., and MYRICK, J., concurred.