C. E. SALISBURY *et al.* v. KIMBER L. BARTON *et al.*

No. 12,235.  (66 Pac. 618.)

SYLLABUS BY THE COURT.

1. REPLEVIN—*Fraud*—*Pleading.* In an action in replevin to re-cover the possession of property from a fraudulent vendee and his grantees, the plaintiff is not required to plead facts showing the fraudulent purchase. It is sufficient if he pleads ownership, right of possession, and a wrongful detention by defendants.

2. —————— *Evidence*—*Reports to Commercial Agencies.* Where a retail merchant makes false and fraudulent statements to representatives of commercial agencies for the purpose of establishing a basis of credit for himself, and such statements are incorporated into the books of such agencies and circulated among the whole-sale trade, by reason whereof credit is extended to him, it is not error to permit such statements and reports to be introduced in evidence on a trial in an action brought to recover the possession of the goods which it is alleged were sold and delivered on the strength of such statements.

3. —————— *Demand Unnecessary.* In an action to recover personal property, the possession of which it is claimed was obtained by false and fraudulent representations, a demand is not necessary before commencing the action.

4. —————— *Burden of Proof.* The burden is upon one claiming to be the purchaser of the property from a fraudulent vendee to prove that he is a *bona fide* purchaser for a valuable consideration and without notice.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed November 9, 1901. Division one. Affirmed.

*C. L. Brown, J. Mack Love,* and *Jackson & Noble,* for plaintiffs in error.

*Stanley, Vermilion & Evans,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This action was commenced in the district court of Cowley county by defendants in error

against plaintiffs in error to recover certain personal property, the possession of which they claimed had been obtained by fraud. A trial was had and a verdict and judgment for plaintiffs below for a return of the property or the value thereof. The defendants below prosecute this proceeding in error.

After the jury had been impaneled to try the cause and the plaintiffs below had made the opening statement of their case, the defendants moved the court to instruct the jury, on the petition and statement so made, to return a verdict for defendants, on the

1. Unnecessary to plead fraud. ground that the same failed to show that plaintiffs were entitled to recover in the action. This application was overruled, and this is the first error complained of. The petition alleged that the plaintiffs therein were the owners and entitled to the immediate possession of the property described in the petition, and that the defendants wrongfully detained such possession from them. The statement made by counsel to the court and jury was a general summary of the facts on which plaintiffs intended to rely to establish their right of recovery. The contention of plaintiffs in error is that, as this was an action to recover property, the possession of which plaintiff below claimed, by his oral statement, had been obtained through fraud and misrepresentation, the petition should have stated these facts in such manner that the defendants could have known what they would be called on to meet at the trial. This would require the plaintiff in an action of replevin to plead the evidence which he intended to introduce to prove his right of recovery, instead of the facts which constituted his cause of action. This is not required in any case. The plaintiffs below pleaded the three elements which, if proved, would en-

title them to recover—ownership, right of possession, and wrongful detention by 'the defendants; that is sufficient. It was said in *Hoisington v. Armstrong*, 22 Kan. 110:

"But all that he is required to set forth in his petition is that he is the owner of the property in controversy, describing it, or that he has a special ownership or interest therein, stating the facts in relation thereto; that he is entitled to the immediate possession of the property; and that the defendant wrongfully detains the same from him."

This principle was again approved by this court in *Batchelor v. Walburn*, 23 Kan. 733.

It is contended that the court erred in admitting certain evidence offered by the plaintiffs below. This evidence was introduced to show the false and fraudu-

2. Reports to commercial agencies. lent statements made by Salisbury & Co., for the purpose of obtaining credit, to representatives of the commercial agencies of R. G. Dun & Co. and Bradstreet & Co. These representatives testified, in substance, that they called on Salisbury & Co. for statements of their financial condition, and that such statements were made, and by each of them forwarded to their companies, and went into the books of their companies, which books are furnished the wholesale merchants to enable them to determine the credit to be given to the persons therein named. Such evidence is admissible when it is shown, as it was in this case, that such reports came to the plaintiffs and it was upon the faith of such reports that credit was extended.

It is claimed that another statement made at another time, and signed by Salisbury & Co., was erroneously admitted because it was not shown that the plaintiffs had knowledge of it at the time they gave the credit, and that this statement had no influ-

Salisbury v. Barton.

ence on the minds of plaintiffs in granting the credit. The plaintiffs below were trying to show that Salisbury & Co. had made false statements as to their financial condition, and had done so with the intent of deceiving people engaged in the wholesale trade and defrauding them in obtaining goods. While this statement may not have been relied upon by plaintiffs in this case in giving credit, yet it was a circumstance which might properly be introduced for the purpose of showing that Salisbury & Co. had been doing just what plaintiffs claimed they had been doing, and a circumstance tending to show that they had authorized the making of the other statements which were relied upon, and with which the latter statement corresponded.

It is also urged that no demand was made of the defendants below before this action was commenced. The only purpose for which a demand is ever required to be made before commencing an action in replevin is to terminate a lawful or rightful possession. The contention of plaintiffs below was that the possession of the property by the defendants was wrongful, and obtained by fraud and false representations. In such case no demand is necessary; the possession was wrongful from the beginning.

*3. Demand unnecessary.*

The defendants in the court below, besides Salisbury, were mortgagees in possession of the goods, and, as to them, it is contended that the court misinstructed the jury. The instruction complained of is as follows:

"To entitle the plaintiffs to recover, it is necessary that they shall establish, by their evidence, the alleged fraud and fraudulent purpose of C. E. Salisbury in obtaining the goods, and if they have established this fact by the evidence, then it devolves upon the defendants to show by a pre-

*4. Burden of proof.*

ponderance of the evidence that they obtained possession of the goods from Salisbury in good faith, and for a valuable consideration, and without any knowledge or notice of fraud on the part of Salisbury to obtain the goods, and in disposing of them.''

It has generally been held that, where one purchases or obtains possession of property from a fraudulent vendee, the burden is upon him to show that he is a *bona fide* purchaser for a valuable consideration and without notice. This is the rule that has been adopted in this state. (*Dry-goods Co. v. Kahn*, 53 Kan. 276, 36 Pac. 327; *Wafer v. Harvey County Bank*, 46 id. 597, 26 Pac. 1032.)

Mr. Tiedeman, in his work on Sales, says:

''The purchaser must take the goods in good faith and without notice of the defect in his vendor's title. But not only must he be without kno,wledge of the defect, but he must not even know facts which are calculated to arouse the suspicion of a reasonably prudent man that everything was not right. . . . The burden of proof is on the party who claims the protection of a *bona fide* purchaser.'' (§ 329.)

Another contention is that the court erred in overruling their demurrer to the evidence. There was some evidence tending to establish every essential element of the plaintiff's cause of action; it was therefore the duty of the court to submit the question to the jury. There are some other alleged errors, but they are not of sufficient importance to demand special attention.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, ELLIS, JJ., concurring.