## PEKIN PLOW COMPANY v. CLAUDE S. WILSON, TRUSTEE, ET AL.

FILED OCTOBER 22, 1902.    No. 12,136.

Commissioner's opinion, Department No. 2.

1. **Amended Petition: ANSWER: WAIVER OF OBJECTION THAT PETITION WAS FILED WITHOUT LEAVE.** Where an answer is filed to an amended petition without objection, the filing of such answer amounts to a waiver of the objection that the amended petition was filed without leave, or was not refiled after leave had been given.

2. **Replevin Action: RIGHT TO AMEND.** In this state the right to amend is as liberally accorded in replevin actions as in other causes.

3. ———: **SPECIAL PLEADING: GENERAL OWNERSHIP: FRAUD: SCOPE OF PROOF.** "A plaintiff in replevin may, under a petition alleging general ownership and right of possession in himself, and a wrongful detention by defendant, prove fraud inducing a previous sale by plaintiff to defendant, and a rescission because thereof. It is not necessary to specially plead the fraud." *Phenix Iron Works Co. v. McElrony*, 47 Nebr., 228.

4. **Sale of Goods: CREDIT: FRAUD: RESCISSION: REPLEVIN.** The rule is that where goods are sold upon a credit obtained by material fraudulent representations of the vendee, the vendor may rescind the sale and replevy the goods within a reasonable time after the discovery of the fraud.

5. **Election of Remedies.** If, in attempting and designing to make an election, one puts forth an act or commences an action in ignorance of substantial facts which proffer an alternate remedy, and the knowledge of which is essential to an intelligent choice of procedure, his act or action is not binding. He may, when informed, adopt a different remedy.

ERROR from the district court for Lancaster county. Replevin action, by the Pekin Plow Company against Frank E. Parks. Claude S. Wilson, as trustee in bank-

ruptcy of defendant, intervened. On trial the nisi-prius judge directed a verdict for defendant, which direction by the court is assigned as error. Tried below before FROST, J. *Reversed.*

*Frank H. Woods,* for plaintiff in error.

*Henry H. Wilson, Elmer W. Brown, Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin, contra.*

OLDHAM, C.

This was an action in replevin originally instituted by the plaintiff, Pekin Plow Company, against the defendant Frank E. Parks, a retail dealer in farm machinery at Lincoln, Nebraska. During the pendency of the action the defendant Parks was adjudged a bankrupt and the defendant Claude S. Wilson was permitted to intervene and defend the action as trustee in bankruptcy of the estate of Frank E. Parks. At the conclusion of the testimony offered in the court below the trial judge directed a verdict for defendant, and plaintiff brings error to this court.

The action of the trial court in directing a verdict for the defendant, and only submitting the question of the amount of damages to the jury, is alleged against as error by the plaintiff in error. It appears from the record that on the 15th day of October, 1900, the plaintiff instituted a replevin action by filing a petition and affidavit which alleged, in substance, that the plaintiff had sold the farm implements in controversy to the defendant Parks under a contract in which it retained a lien for the unpaid purchase price of the implements sold and delivered to the defendant, and that a copy of the supposed contract, containing this condition, was filed with the petition and affidavit, and the action instituted on the theory that plaintiff had a special property in the goods replevied. It appears that the action was originally instituted on information which plaintiff's attorney received from Messrs. Margaret & Stevens, who were managers of an Omaha buggy com-

pany, and were also sales and collection agents of plaintiff plow company in the state of Nebraska. It is also shown that when plaintiff was communicated with it immediately notified Messrs. Margaret & Stevens that the contract under which the goods in dispute were sold to defendant did not contain what is known as the lien clause found in most of its contracts, and forwarded them, for the use of plaintiff's attorney, a true copy of the contract on which the goods in dispute were purchased by the defendant, and also informed their attorney through Mr. Margaret to file an amended petition in the replevin action, alleging a general ownership, and that the goods had been procured by fraudulent representations of credit made to them by defendant Parks. On receipt of this information plaintiff's attorney applied to the district court for leave to amend its petition and affidavit in replevin, which leave was granted by the trial court, and an amended petition, alleging a general ownership in the goods, was thereupon filed. After leave had been given to file this amended petition, defendant Wilson, as trustee in bankruptcy, was, on his own request, substituted as party defendant, and filed his answer to the amended petition, alleging, among other things, that plaintiff, by filing its original petition in this cause, in which it claimed a special ownership in the goods, had elected to ratify the sale of the goods made to the defendant Parks, and that it was by such act estopped from demanding a rescission of the sale. An answer formerly filed by defendant Parks was stricken from the files by order of the court. A reply was filed to the answer of Wilson, trustee, by plaintiff, and under the issues thus joined the trial proceeded in the court below between the plaintiff plow company and defendant Wilson as contestants.

It is suggested by defendant in error that the record fails to show that plaintiff actually filed its amended petition after leave had been given it by the trial court, but that, on the contrary, it appears that the amended petition was filed before leave had been given, and then after

leave it was not refiled. This is an extremely technical objection, and without merit, in view of the fact that defendant answered this amended petition by request and without protest. This answer was a waiver of any objection on the ground either that the amended petition was filed without leave, or that it was not filed after leave was granted. *Hudelson v. First Nat. Bank of Tobias,* 51 Nebr., 557.

It is next urged that plaintiff's original petition and affidavit alleged a special ownership in the goods replevied, and that it could not be permitted to amend such petition and affidavit by alleging a general ownership, without dismissing its original cause of action and returning the goods to the defendant, and that the filing of the amended petition amounted to a discontinuance of the original cause of action. In this state the right to amend seems to be as liberally accorded in replevin as in other actions. In *Tackaberry v. Gilmore,* 57 Nebr., 450, it was held that a petition in replevin might be amended by alleging a special instead of a general ownership of the property. If it be permitted to amend by alleging a special ownership, when a general ownership had formerly been alleged, we can see no reason why the rule should not be applied and an amendment permitted, when requested, to change the allegation from a special to a general ownership, as was done in the case at bar. When an amended petition and affidavit are permitted to be filed they relate back to the commencement of the action, so that a new cause of action need not be instituted, nor a redelivery of the property made, as antecedent to the right to amend. *Swain v. Savage,* 55 Nebr., 687; *Lewis v. Connolly,* 29 Nebr., 222; *Kimball v. Silvers,* 22 Mo. App., 520, 525.

It is also urged by defendant in error that plaintiff's amended petition and affidavit is insufficient on its face to support a judgment, because it fails to specifically set out the fraudulent representations on which plaintiff relied at the time the sale of the goods was made. As a general rule, in actions in which fraud is alleged, this objec-

tion would be well taken, but a different rule has been adopted in actions of replevin for goods fraudulently purchased. The identical question was before this court in *Phenix Iron Works Co. v. McEvony*, 47 Nebr., 228, and the court held: "A plaintiff in replevin may, under a petition alleging general ownership and right of possession in himself, and a wrongful detention by defendant, prove fraud inducing a previous sale by plaintiff to defendant, and a rescission because thereof. It is not necessary to specially plead the fraud." The evidence introduced at the trial of this case on behalf of plaintiff tended to show that plaintiff had sold the agricultural implements in dispute to Parks, relying on a signed financial statement to Bradstreet's Commercial Agency, and that it extended credit relying on the correctness of this statement. It also introduced evidence tending to show that this statement was false, in that it did not include in the indebtedness scheduled in the statement about $2,800 of indebtedness which Parks was owing to his wife and mother at the time the statement was made. The statement contained some information, gathered by the commercial agency, of the probability of Parks being indebted to his wife and mother; but plaintiff's evidence tended to show that Stevens, one of the salesmen of plaintiff, made inquiry of Parks as to whether he was indebted to his wife or mother and that Parks told him that he was not; that he had paid them all the money he had ever owed them,— and that this fact was communicated by Stevens to the general manager and creditman of plaintiff before credit was extended to Parks. The general manager of plaintiff testified that he relied at the time of extending credit to Parks solely on Parks's statement made to the Bradstreet Agency, and the subsequent statement that he made to Stevens. He also testified that he did not discover the fraud that had been practiced upon him by Parks's misstatement until October, 1900. It has been said by this court in *Field v. Morse*, 54 Nebr., 789, that "where goods are sold upon credit obtained by the fraudulent represen-

tations of the vendee as to a past or existing fact, the vendor may rescind the sale and replevy the goods within a reasonable time after the fraud is discovered." While it is true that there was evidence introduced by defendant tending to discredit much of plaintiff's evidence, yet we think a question of fraud was fairly raised by it, which should have been submitted to the jury, under proper instructions, unless plaintiff, by filing its original petition and affidavit, has elected a remedy that estops it from asking for a rescission of its contract with Parks.

An examination of a long line of authorities submitted by the learned counsel for each of these litigants, leads us to the conclusion that the doctrine of election of remedies only applies when a party who actually has at hand two inconsistent remedies and with full knowledge of such fact proceeds to enforce one of these remedies, in which event he is bound by such election. But if in his first action he has adopted a mode of redress incompatible with the facts in his case, and is defeated on that ground, he is still free to proceed anew, or, as said by this court in *State v. Bank of Commerce,* 61 Nebr., 22, "if the law gives but one remedy to a party, he is not precluded from resorting to that because he has attempted to avail himself of another to which he was not entitled." The rule seems to be well set forth in 7 Encylopedia Pleading & Practice, 366, as follows: "If, in attempting and designing to make an election, one puts forth an act or commences an action in ignorance of substantial facts which proffer an alternate remedy, and the knowledge of which is essential to an intelligent choice of procedure, his act or action is not binding. He may, when informed, adopt a different remedy." This doctrine seems to be supported by the holdings of this court in *State v. Bank of Commerce, supra,* and *City of Omaha v. Redick,* 61 Nebr., 163; and also in *Kittredge v. Holt,* 58 N. H., 191; *Nysewander v. Lowman,* 24 N. E. Rep. [Ind.], 355; *Kraus v. Thompson,*[*] 14 N. W. Rep. [Minn.], 266; *Parmlee v. Adolph,* 28 Ohio St., 10; *State*

*[*] 44 Am. Rep., 182.

*Bank v. Bozeman,* 8 Eng. [13 Ark.], 631. It is plain that on plaintiff's theory of the case, its original petition was filed in ignorance of a material fact connected with its contract with Parks, and that if it had prosecuted its original petition to judgment, it could not have recovered anything, because founded on a mistaken idea as to the conditions contained in the contract of sale of the goods. It had no contract with Parks which gave it a lien upon the goods in controversy; hence by the filing of its original petition and affidavit it never attempted to enforce one of two inconsistent remedies which it had against him. Hence we conclude that the filing of the original petition and affidavit in replevin was not an election of remedies, and that the learned trial court erred in directing the jury to find for defendant.

We therefore recommend that the judgment be reversed, and the cause remanded for further proceedings.

BARNES and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.