MICHAEL LAMB v. PATRICK J. ROONEY ET AL.

FILED JULY 13, 1904. No. 13,601.

1. **Election of Remedies.** If, in attempting and designing to make an election, one puts forth an act or commences an action in ignorance of substantial facts which proffer an alternate remedy, and the knowledge of which is essential to an intelligent choice of procedure, his act or action is not binding. He may, when informed, adopt a different remedy. *Pekin Plow Co. v. Wilson*, 66 Neb. 115, followed and approved.

2. **Trusts, Enforcement of: EQUITY.** The conventional relation of trustee and *cestui que trust* or other fiduciary relation is not essential to the jurisdiction of a court of equity to declare and enforce a trust with respect to the property stolen from the beneficial owner. *Nebraska Nat. Bank v. Johnson*, 51 Neb. 546, followed and approved.

ERROR to the district court for Greeley county: JAMES N. PAUL, JUDGE. *Reversed with directions.*

*T. J. Doyle* and *H. C. Vail*, for plaintiff in error.

*James R. Swain* and *Abbott & O'Malley*, contra.

OLDHAM, C.

The facts underlying this controversy are, that on the 22d day of April, 1902, Harry Hill and Verne Stewart stole and drove away from a herd of cattle owned by plaintiffs, 10 head of steers which they delivered to defendant Michael Lamb, who intermingled the stolen cattle with 15 head of his own and shipped the same to South Omaha, Nebraska, where they were sold to the commission firm of Ralston & Fonda, the proceeds of sale amounting to $1,800; $830 of the proceeds of the sale of this carload of cattle were invested in 49 head of yearling steers by defendant Lamb, and the cattle purchased were shipped to his ranch in Greeley county, Nebraska. Subsequently the defendant Lamb was arrested on a criminal warrant and charged with aiding and abetting the larceny of the cattle and with receiving the stolen cattle, knowing the same to have been stolen. He was convicted of this criminal charge in the district court for Greeley county, Nebraska, and sentenced to the penitentiary for a term of nine years. The judgment of the district court was subsequently affirmed by the court in the case of *Lamb v. State*, 69 Neb. 212. Shortly after the larceny of plaintiff's cattle they began an action against the defendant Lamb to recover the value of the stolen cattle and procured an attachment to issue and levied the same upon the cattle now in dis-

pute. Subsequently, the attachment proceeding was dismissed by plaintiff and the instant case, a bill in equity to impose a resulting trust on the 49 head of cattle purchased from the proceeds of the sale of the cattle stolen from plaintiffs, was institued. Issues were properly joined on the petition in the court below, and a trial had to the court, which resulted in a judgment for plaintiffs and a decree quieting title to the 49 head of cattle in dispute in plaintiffs. From this judgment and decree, the defendant brings error to this court.

The first contention urged for a reversal of the cause is, that the plaintiffs by instituting suit against the defendant to recover the value of the property stolen, and having an attachment issued, elected to treat the cattle as the property of the defendant, and that, having so elected, they are now estopped by this act from claiming the equitable title to the cattle in dispute. There are two sufficient answers to this contention: The first is, that by instituting a suit at law against the defendant for the recovery of the value of the cattle alleged to have been stolen, plaintiffs by this act did not elect to declare that the defendant was the owner of any particular property. Nor did they by this act disaffirm their title to the property stolen by the defendant, nor their right to trace the proceeds of such property when reinvested and have a trust declared therein. And again it clearly appears from the testimony that at the time the attachment proceeding was instituted, plaintiffs had no knowledge of the fact that the 49 head of cattle now in dispute had been purchased from the proceeds of the sale of their cattle. In *Pekin Plow Co. v. Wilson*, 66 Neb. 115, this court said that, "If in attempting and designing to make an election, one puts forth an act or commences an action in ignorance of substantial facts which proffer an alternate remedy, and the knowledge of which is essential to an intelligent choice of procedure, his act or action is not binding. He may, when informed, adopt a different remedy."

The next question urged is, as to the sufficiency of the

testimony to impress a resulting trust in favor of plaintiffs
on the cattle in dispute.  The evidence as to the larceny of
the cattle and defendant Lamb's participation therein was
the same in the case at bar as it was in the criminal pro-
ceeding, and we may say that, in full compliance with all
rules of evidence, this fact has been fully established.  That
a thief who steals the property of another and changes its
form by reinvestment is a trustee *ex maleficio* of the owner
of the property is well established in this state, and as was
said by Post, C. J., in *Nebraska Nat. Bank v. Johnson*, 51
Neb. 546, "The conventional relation of trustee and *cestui
que trust*, or other fiduciary relation, is not essential to the
jurisdiction of a court of equity to declare and enforce a
trust with respect to the property stolen from the bene-
ficial owner."

Then the question to be determined is, how much, if any,
of the proceeds of the cattle stolen from plaintiffs have
been traced by the testimony in the record to the purchase
of the cattle in dispute?  The evidence shows that before
the theft of the cattle the defendant had a small balance of
about $76 in the Spaulding State Bank; that after the
sale of the car-load of cattle at South Omaha defendant
deposited in this bank a draft on the Packers National
Bank of South Omaha for $1,589.92; that from the
moneys so deposited in the Spaulding bank he purchased
a draft of $555.93 which was applied as payment of a part
of the purchase price of the cattle in dispute.  The evi-
dence shows that the 10 head of plaintiff's cattle, which
were intermixed with the 15 head of defendant's cattle,
were of the value of about $850 and that the draft for
$1,589.92 was part of the proceeds of the sale of all those
cattle.  This is all the evidence in the record which tends
to trace the proceeds of plaintiff's cattle into the purchase
of the herd in controversy.  It seems to us, in view of this
state of the record, that the learned trial court went too
far with his decree in declaring plaintiffs the absolute
owners of the property in dispute.  Plaintiffs voluntarily
abandoned a court of law for the redress of their civil

wrong and sought the assistance of a court of chancery, which always abhors forfeitures and penalties. Having thus selected a forum of conscience for relief, although in a contest with a convicted felon, they are only entitled to such a decree as equity provides, which is to have a resulting trust declared in the property in controversy, to the extent that they have traced the proceeds of the sale of their property to the chattels in dispute.

We therefore recommend that the judgment of the district court be reversed, and that the cause be remanded with direction to the court below to impress a trust in favor of plaintiffs on the property in dispute for the sum of $555.93, with seven per cent. interest from May 1, 1902, and to declare this trust a first lien on the property in dispute and to enter a proper decree directing the sale of the property, unless the amount of this lien be paid within 20 days from the entry of judgment.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with direction to the court below to impress a trust in favor of plaintiffs on the property in dispute for the sum of $555.93, with 7 per cent. interest from May 1, 1902; and to declare this trust a first lien on the property in dispute, and to enter a proper decree directing the sale of the property, unless the amount of this lien be paid within 20 days from the entry of judgment.

JUDGMENT ACCORDINGLY.