[Civ. No. 207. First Appellate District.—March 25, 1907.]

VIRGINIA TIMBER AND LUMBER COMPANY, Respondent, v. GLENWOOD LUMBER COMPANY, Appellant.

ACTION FOR CONVERSION OF GOODS—PLEADING—FRAUDULENT SALE NOT ALLEGED—INADMISSIBLE EVIDENCE.—In an action for conversion, in which the complaint merely alleges the conversion by defendant of lumber belonging to the plaintiff, where it appears in proof that the property was sold by plaintiff to a third party not made defendant, and that such third party sold the same to the defendant to pay a pre-existing debt, and no facts are alleged constituting the fraud of such third person in procuring the property from plaintiff through false representations, or showing a rescission of the sale for such fraud, or that defendant purchased with knowledge of the fraud, the court erred in admitting evidence of any fraudulent purchase vitiating the title of such third party, as against the defendant's title.

ID.—TRANSFER FOR PRE-EXISTING DEBT—VALUABLE CONSIDERATION—ERRONEOUS INSTRUCTIONS.—By the law of this state, a transfer of personal property in consideration of a pre-existing debt is a transfer for a valuable consideration. Where there was no evidence that the transferee thereof for such debt had any knowledge of a prior fraudulent transfer from the plaintiff, instruction that a pre-existing debt is not a sufficient consideration to warrant the person securing the property to hold it as against the right of the person from whom the property was obtained by fraud in the purchase, and that the crediting of its value on the pre-existing debt would not make the second transferee an innocent purchaser for value, were erroneous.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Jackson Hatch, and Walter H. Linforth, for Appellant.

Corbet & Goodwin, B. A. Herrington, and Louis H. Brownstone, for Respondent.

COOPER, P. J.—Action to recover damages for the alleged wrongful conversion of personal property.

The action was tried with a jury, and a verdict rendered for plaintiff in the sum of $1,625.59, for which judgment was entered. This is an appeal from the judgment on the judgment-roll and a bill of exceptions.

The plaintiff alleges that on or about the fifteenth day of July, 1903, it was the owner and entitled to the possession of a lot of lumber described in the complaint, and that defendant at said time wrongfully converted the same to its use, to the damage of plaintiff in the sum of $2,000, for which amount judgment is prayed.

In support of the complaint the plaintiff, under proper objections on the part of defendant, was allowed to introduce evidence tending to show that, between the first day of May and the first day of July, 1903, it sold and delivered the lumber to one Routt on credit; and that it has not been paid for said lumber; that at the time Routt purchased the lumber he was doing business under the name of the San Jose Lumber Company and had his office with defendant, and used its yard in which to pile the lumber; that the lumber was hauled from the railroad depot with defendant's teams, and was, when placed in defendant's yard, turned over to and became, so far as Routt was concerned, the property of defendant; that in March, 1903, before any of the lumber had been sold or delivered to Routt, he had entered into a written contract with defendant to purchase its entire stock of lumber in its yards for the sum of about $39,000, of which sum the said Routt paid $3,000 and no more; that under the contract so made by Routt with defendant, the entire stock of lumber in defendant's yard was to remain the property of defendant

5 Cal. App.—17

until fully paid for by Routt, but the business was to be carried on as before, a correct account of the expenses and of all sales to be kept, and Routt to be credited on the purchase price with the net proceeds of such sales; that Routt was to keep up the stock of lumber, so as to keep the business going; that Routt agreed with defendant to keep up at his own cost and charge all such lumber and supplies incident to the proper carrying on of defendant's business in connection with said lumber-yard, an account of all transactions and sales to be kept; that the lumber in controversy was sold and delivered to defendant by Routt under such arrangement; that prior to selling the lumber to Routt plaintiff had asked him for references as to his honesty and financial standing, and that plaintiff communicated with the persons to whom it was referred, and received from them replies highly favorable to Routt.

In other words, the plaintiff's theory of the case upon the trial was that the sale made by it to Routt was made through fraud, consisting of false representations made by Routt as to his financial standing and his ability to pay, and that defendant was not an innocent purchaser for value, for the reason that the consideration of the transfer to defendant was a prior indebtedness of Routt to defendant.

Routt was not made a party defendant. It is conceded that the lumber was sold and delivered to him by plaintiff. The complaint contains not a word as to any fraud, or as to any attempt by plaintiff to rescind.

The question, then, is as to whether or not the plaintiff, having sold and delivered the lumber to Routt, can, under the complaint in conversion, notwithstanding defendant's objection, prove facts to show that the sale to Routt was fraudulent, and therefore void. We are clearly of the opinion that the evidence was not admissible under the pleadings. The complaint must state the facts upon which it is sought to recover. In order to have enabled the plaintiff to introduce evidence of fraud in this case, it must have alleged the facts and circumstances with sufficient particularity, to show that the sale to Routt was fraudulent. It alleged that it was the owner and entitled to the possession of the property at the time it claims that the defendant converted it, but the evidence shows that it had prior to that time sold and delivered it to Routt. Plaintiff, in order to have been entitled to any relief, must necessarily have proven the sale to Routt and that it was

fraudulent. The cause of action depended upon the proof of fraud. If it was necessary to prove fraud in this case, it was necessary to allege it. The defendant was entitled to know the facts upon which the plaintiff relied so that it might prepare itself to meet them. Defendant was charged with having wrongfully converted the property, but it appears that it purchased the property from Routt, to whom it had been sold by plaintiff. Plaintiff, having sold the property to Routt and delivered him the possession of it, enabled Routt to sell to defendant with an apparently good title. If the plaintiff would relieve itself of its sale to Routt it must state the facts constituting the fraud with sufficient particularity to enable the defendant to meet them. The object of pleading is to arrive at the issue and give fair warning to the adversary. The issue to be tried in this case was as to whether or not the sale to Routt was procured by fraud. The reasoning of *Burriss* v. *Adams,* 96 Cal. 664, [31 Pac. 565], seems to dispose of the case at bar. That was an action in which the plaintiff claimed to be the owner, and desired his title quieted to an undivided one-eighth of certain land. His cause of action depended upon proof of fraud at a certain probate sale, but he did not allege the facts constituting the fraud upon which he relied. The court below sustained the objection to the evidence, upon the ground that there was no averment in the complaint of the acts constituting the fraud. The court sustained the ruling, and in the opinion said: ''The complaint contains only the averments usually employed in an ordinary action to quiet title. Where the cause of action depends upon the proof of fraud, the facts constituting the fraud must be averred. . . . He knew from the start that the respondent had a perfect legal title, which he could overthrow by proving her guilty of a certain fraud, and he did not aver fraud even in general terms.'' In the case at bar the plaintiff knew that it, at least, had parted with the legal title to the lumber by a sale thereof, and that it could not recover without overthrowing that sale. It did not aver the fraud, or even mention the sale. It knew it had sold the lumber, but alleged that it was the owner thereof.

In *Wetherly* v. *Strauss,* 93 Cal. 283, [28 Pac. 1045], the defendant claimed that the money deposited was the property of the husband of plaintiff, and that the intent of the deposit in the wife's name was to defraud creditors. The court said:

"If the appellant had intended to avoid such gift he should have made proper averments therefor in his answer, in order that the plaintiff might meet them at the trial. Fraud is never to be presumed, and whenever it constitutes an element of a cause of action, or of a defense which is of an affirmative nature, and invoked as conferring a right against the plaintiff, it must be alleged."

In *Capuro* v. *Builders' Ins. Co.*, 39 Cal. 124, the court said: "The rule is, undoubtedly, as stated by appellant, that when a party relies upon fraud, either to support his cause of action or in defense, he must set up the facts which constitute the fraud. It follows, as a necessary consequence of that proposition, that he can prove only those facts which he has set up."

To the same effect see *Kent* v. *Snyder*, 30 Cal. 666; *Sterling* v. *Smith*, 97 Cal. 343, [32 Pac. 320] ; *Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630] ; *Burris* v. *Kennedy*, 108 Cal. 331, [41 Pac. 458] ; *Albertoli* v. *Branham*, 80 Cal. 631, [13 Am. St. Rep. 200, 22 Pac. 404] ; *Glazer* v. *Clift*, 10 Cal. 303; *Leszinsky* v. *White*, 45 Cal. 278.

Plaintiff does not cite any California case in support of its contention, but it cites four cases from other states, in which it is claimed the rule is different. Two of them are from Nebraska—*Phoenix Iron Works* v. *McEvoy*, 47 Neb. 228, [53 Am. St. Rep. 527, 66 N. W. 290] , and *Pekin Plow Co.* v. *Wilson*, 66 Neb. 115, [92 N. W. 176]. They were actions in replevin, and the court held that "The Code takes actions of replevin out of the general rule in regard to pleadings."

Even if this were an action in replevin, we have no such code provision.

*Benisch* v. *Waggoner*, 12 Colo. 534, [13 Am. St. Rep. 254, 21 Pac. 706], was an action in replevin, and proceeds upon the theory that in such action, where a delivery of the property is claimed, an affidavit must be made by the plaintiff showing "the alleged cause of detention thereof according to his best knowledge and belief," which it would seem would inform the defendant sufficiently as to the acts claimed to be fraudulent.

*Salisbury* v. *Barton*, 63 Kan. 552, [66 Pac. 618], was an action in replevin. The facts are not fully stated in the opinion. The court said that the plaintiff pleaded three elements which, if proved, would entitle him to recover— "ownership, right of possession, and wrongful detention

by the defendants." In the case at bar the plaintiff claimed that it had parted with the ownership by reason of a sale; that such sale was the result of fraud, and that it rescinded the sale. Having parted with the ownership, its right of action depended upon proving facts showing that by reason of fraud it was induced to part with such ownership, so as to entitle it to be relieved of the effect of the transfer of such ownership. It was not entitled to prove such facts without alleging them.

The court, at the request of plaintiff, gave instructions numbered 5, 6, 7, and 8, in regard to the question of an innocent purchaser for value. The sixth instruction is as follows: "I instruct you, that a pre-existing debt is not a sufficient consideration for the transfer of property, to warrant the person securing such property to hold it as against the right of the one from whom the buyer has obtained such goods by fraud in the purchase." Instructions 5, 7, and 8, contain the same proposition expressed and repeated in different words. The eighth instruction expressly states that the "crediting of the value of said lumber to the account of said Routt by the Glenwood Lumber Company, pursuant to the contract made between the Glenwood Lumber Company and said Routt March 31, 1903, would not make said Glenwood Lumber Company an innocent purchaser for the value of said lumber." No evidence was offered in any way to connect the defendant with any fraud, or the knowledge of any fraud, on the part of Routt. and hence it is evident that the proposition as stated to the jury by the instructions was that the payment of a prior indebtedness was not a valuable consideration for the sale of the lumber to defendant. Such is not the law in this state, and the giving of the instructions was error.

A conveyance or transfer of property in consideration of a pre-existing indebtedness is a conveyance for a valuable consideration. (*Frey* v. *Clifford*, 44 Cal. 342; *Davis* v. *Russell*, 52 Cal. 611, [28 Am. Rep. 647]; *Sackett* v. *Johnson*, 54 Cal. 107; *Foorman* v. *Wallace*, 75 Cal. 552, [17 Pac. 680]; *Duff* v. *Randall*, 116 Cal. 226, [58 Am. St. Rep. 158, 48 Pac. 66].)

The judgment is reversed.

Kerrigan, J., and Hall, J., concurred.