THOMAS M. LOGAN, APPELLANT, v. REGNAR F. AABEL ET AL., APPELLLEES.

FILED FEBRUARY 10, 1912. No. 16,593.

Trusts: CONSTRUCTIVE TRUSTS: RELIEF IN EQUITY. Where one person obtains property of another by theft or fraud, equity will raise a constructive trust in favor of the defrauded party, and he may follow the property into the hands of third persons taking it with knowledge.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*John Everson,* for appellant.

*Adams & Adams,* contra.

LETTON, J.

The district court sustained demurrers to the petition, and from a judgment of dismissal plaintiff appeals. In substance the petition alleges Regnar M. Aabel and Regnar F. Aabel, Jr., are father and son; that while Aabel, Jr., was employed by plaintiff he was in charge and full control of a stock of merchandise belonging to plaintiff, as manager; that while so employed he fraudulently appropriated to his own use plaintiff's goods and merchandise of about

the value of $4,500; that he fraudulently appropriated to his own use and benefit money taken in for the sale of merchandise to the amount of about $3,000, and also wrongfully sold goods and merchandise at a price much less than the true value thereof, contrary to the knowledge and consent of plaintiff, to plaintiff's damage in the sum of $8,000; that with the moneys so wrongfully obtained he purchased an undivided one-half interest in 160 acres of land in Harlan county, the other half interest standing of record in the name of his father, Regnar M. Aabel; that after plaintiff discovered the peculations the son executed and placed of record a deed to his interest in the land to his father; that the father is now endeavoring to sell and dispose of the land, though knowing the facts, and knowing that the same was purchased by the son with the proceeds of the property wrongfully taken from the plaintiff. It is also alleged that both defendants are wholly insolvent, that the interest of Aabel, Jr., in the land is of the value of about $1,250, which is all the property of which he is possessed, and that the father is about to sell the land and convert the proceeds to his own use, and will do so unless restrained by an order of the court. The prayer is for judgment against Aabel, Jr., for the value of the property taken; that Aabel, Sr., be charged as a trustee *ex maleficio* to hold the title to the land for the plaintiff's use, and that he be restrained from selling and conveying the land and converting the proceeds.

The petition, while in some respects inartistically drawn, seems sufficient to state a cause of action.

The defendant Aabel, Jr., is charged with having, while in a position of trust and confidence, converted the goods and money of the plaintiff to his own use and invested the proceeds in land, while the other defendant is charged with having full knowledge of the fraudulent origin of the property and with receiving it with the intent to carry out the fraudulent purpose. These facts make the case one with which a court of equity is alone fitted to deal in such a manner as to do justice. There is an allegation that the

plaintiff sold merchandise for less than it was worth and a general allegation of damages, but these we think must be regarded as surplusage, since it is clear that the purpose of the action is to reach the property into which it is alleged the money of the plaintiff has been converted.

Where one person obtains the property of another by theft or fraud, equity will raise a constructive trust in favor of the defrauded party, and he may follow the property into the hands of third persons taking it with knowledge. *Tecumseh Nat. Bank v. Russell,* 50 Neb. 277; *Nebraska Nat. Bank v. Johnson,* 51 Neb. 546; *Lamb v. Rooney,* 72 Neb. 322. Another court has aptly said: "The true owner of property has the right to have his property restored to him, not as a debt due and owing, but because it is his property wrongfully withheld. As between the *cestuis que trustent* and the trustee and all persons claiming under the trustee, except purchasers for value and without notice, all the property belonging to the trust, however much it may have been changed in its form or its nature or character, and all the fruits of such property, whether in its original or altered state, continues to be subject to and affected by the trust. * * * It was formerly held that these rules came to an end the moment the means of ascertaining the identity of the trust property failed. * * * In the case of trust moneys commingled by the trustee with his own moneys, it was held that money has no earmarks, and when so commingled the whole became an indistinguishable mass and the means of ascertainment failed. But equity, adapting itself to the exigencies of such conditions, finally determined that the whole mass of money with which the trust funds were commingled should be treated as a trust." *Windstanley v. Second Nat. Bank,* 13 Ind. App. 544.

We think the demurrers should have been overruled. The judgment of the district court must, therefore, be reversed and the cause remanded.

REVERSED.