FEDERAL TRUST COMPANY, APPELLANT, V. JOHN W. BAXTER, APPELLEE.

FILED NOVEMBER 23, 1934.   No. 29021.

(1)

*H. N. Mattley* and *Herman Ginsburg,* for appellant.

*Stewart, Stewart & Whitworth, contra.*

Heard before Goss, C. J., Rose, Good, Eberly and Day, JJ.

Goss, C. J.

Plaintiff sought foreclosure of a second lien arising out of advancements to apply on interest due on a first mortgage for $98,000. This mortgage had been executed by W. A. Gillan, record owner of the land. Plaintiff pleaded that John W. Baxter claimed some interest in the land.

Baxter filed an answer and cross-petition, alleging that he had conveyed the lands by deeds in blank as to the consideration and grantee to Rolland F. Ireland, as his attorney, to be held in trust by him for Baxter; to induce the deeds Ireland falsely represented that Baxter's relatives were planning to have a guardian appointed so as to deprive Baxter of the power to sell the real estate; Ireland was authorized, in event of such application for guardianship, to insert his own name in the deeds as grantee, otherwise to use the deeds by inserting the name of the purchasers when the lands were sold at a price named by Baxter; the deeds were made about May 29, 1924, and on or about November 21, 1924, in pursuance of his fraudulent scheme to procure the title, Ireland inserted substantial considerations in each of the deeds, wrote his own name therein, and caused the deeds to be recorded in the various counties in which the lands were situated; on May 28, 1928, plaintiff and Ireland, with intent to cheat and defraud Baxter, caused the lands involved to be conveyed by Ireland and wife to defendant Gillan for a named consideration of $98,000, which was much less than the actual value of the land, and on the same day caused Gillan to execute the first mortgage for that sum; Gillan acquired title for the benefit of plaintiff, the proceeds of the mortgage became a trust fund belonging to defendant, but plaintiff wrongfully paid a part thereof to Ireland, who is insolvent, and kept the

rest; at all times plaintiff had full knowledge that the lands belonged to Baxter; that Baxter did not discover the fraud of Ireland until the fall of 1929 and the participation of plaintiff therein until the summer of 1932; on June 27, 1929, Federal Trust Company commenced an action against Ireland and wife in Lancaster county to foreclose a real estate mortgage on land acquired by the Irelands in exchange for a part of the lands so deeded by Baxter to Ireland, and Baxter intervened in that suit claiming to be the owner of the real estate and that Ireland held the land as Baxter's trustee; the decree in that case finds that the Baxter lands were fraudulently acquired by Ireland in trust; that plaintiff learned in May or June, 1926, that Baxter was the real owner; that Ireland had no interest in the lands and that Federal Trust Company accepted the mortgages with full knowledge that Baxter was the owner of the real estate; and that on appeal by plaintiff to the supreme court the judgment was affirmed with a reduction in the amount of the judgment. See *Federal Trust Co. v. Ireland,* 124 Neb. 369. Baxter pleads that judgment as an adjudication of the rights of the parties here. Baxter prayed in the instant case that plaintiff be decreed to hold in trust the proceeds of the $98,000 mortgage and to account to Baxter for the actual value of the land at the time it was sold; and for such other relief as may be equitable.

Stating the substance of the decree briefly, the trial court found generally in favor of Baxter on his cross-petition and held that Ireland procured the deeds from Baxter fraudulently, paid no consideration and held the title in trust; that the case between the same parties in Lancaster county constituted an adjudication of the issue of notice to Federal Trust Company that Baxter was the real owner of the land and that Ireland had no interest except as trustee; that on May 21, 1928, plaintiff and Ireland, with intent to defraud Baxter, caused the deed from Ireland to Gillan and the mortgage by Gillan to be executed and delivered; that the proceeds of the $98,000

mortgage constituted a trust fund belonging to Baxter and he is entitled to a judgment for that sum less the encumbrance then existing, amounting to $73,482.30, or $24,517.70, with interest at 7 per cent. from May 21, 1928, to May 10, 1933, and at the rate of 6 per cent. from May 10, 1933, to June 10, 1933, the interest being $8,756.15, making a total of $33,273.85 with interest from June 10, 1933, at 6 per cent., which amount was decreed as now held by Federal Trust Company in trust for Baxter.

The trial court further found and decreed that plaintiff holds bonds in the principal sum of $5,000 on which there is due $600 of interest as of April 26, 1933, secured by the $98,000 mortgage, and that this constitutes a part of the trust fund due Baxter as aforesaid and Baxter is entitled to a first lien for the amount due thereon concurrent with the lien allowed Federal Trust Company in the decree allowing the lien of the balance due on the principal mortgage.

On the main issues as to the fraud of Ireland in procuring Baxter to convey the land and the notice of that fraud to Federal Trust Company the proof here is similar to that in the case of *Federal Trust Co. v. Ireland,* 124 Neb. 369. The decision in that case fully adjudicates those questions and makes it unnecessary to report the statement of the evidence here. Suffice it is to say the evidence was ample to support the findings of the trial court. Any other finding would be erroneous. It calls for the application here of the rules laid down in the former case to the effect:

"An attorney who induces his client to execute deeds whereby the attorney acquires, without consideration, legal title to the client's lands, and thereafter treats the lands as his own, will, in a suit by the client against the attorney, be held to be a trustee, holding the legal title in trust for his client. * * *

"A recreant trustee, or those dealing with him with knowledge of the trust, will not be permitted to make

a profit out of the trust property at the expense of the beneficial owner."

Appellant argues that the trial court erred in holding that the prior case between the parties was an adjudication binding upon the parties here. Originally Baxter had about 10,000 acres of land in Nebraska. Ireland, through his confidential relation as attorney, influenced Baxter to deed the land to him, without consideration, but upon a promise to convey the land to Baxter's nominees and to account to Baxter for the proceeds. Part of this land was involved in the former case and part in this. The former adjudication that Ireland held the lands in trust and that Federal Trust Company was informed as to the trust relations in 1926 is binding upon Federal Trust Company, which was a party both there and here and litigated the question with Baxter to the court of last resort. Only the property involved was different. "A former judgment is conclusive when the parties and the question involved in the two suits are the same, although the property claimed in them may be different." *Hanson v. Hanson*, 64 Neb. 506.

Appellant thinks the court erred in not finding that no adjudication existed in its favor by reason of a judgment offered by plaintiff in a case between the two parties in Kansas. The trial court was right. The Kansas mortgages were executed in 1925, a year before appellant learned that Baxter was still the owner of the lands standing in Ireland's name. The mortgage in the instant case was given in 1928.

Appellant argues that the court erroneously granted appellee inconsistent remedies and recoveries. It must be kept in mind that this was a trust *ex maleficio*. The trust company stands in the place of Ireland, who, as a recreant trustee, violated his confidential and fiduciary relationship to Baxter. The trust company in 1926 learned that he held title to the particular lands in trust. The beneficiary has a right to follow the trust *res*. "Where one person obtains property of another by theft

or fraud, equity will raise a constructive trust in favor of the defrauded party, and he may follow the property into the hands of third persons taking it with knowledge." *Logan v. Aabel,* 90 Neb. 754. See *United States v. Dunn,* 268 U. S. 121. The land had been conveyed to Gillan, who in turn mortgaged it to the trust company. The proceeds of the mortgage belonged to Baxter. He has followed the proceeds and finds part of it in the augmented assets of the trust company and $5,000 of it in bonds unsold still held and owned by the trust company. The other bonds secured by the $98,000 mortgage had been sold to innocent purchasers and could not be reached by Baxter. The court gave Baxter in its decree the $5,000 worth of bonds (which with interest constitute a lien concurrent with that of other bonds secured by a mortgage on the lands) and directed appellant to pay the other proceeds to Baxter. The judgment as to the balance was not given as damages but as a substitute for the rest of the bonds. Where a trustee mingles trust funds with his own, the whole mass may be resorted to by the beneficiary to restore the trust fund. *State v. Farmers State Bank,* 121 Neb. 532. The recovery is consistent with equity.

Other errors have been assigned. Those considered worthy of discussion and not specifically mentioned are merged in those already discussed. The judgment of the district court is

AFFIRMED.