## BATON et ux. v. GULF OIL CORP.
### No. 6554.

Court of Civil Appeals of Texas. Texarkana.

Nov. 23, 1950.

Rehearing Denied Jan. 4, 1951.

Paul S. Colley, Jr., Henderson, for appellants.

Brachfield, Wolfe & Williams, Henderson, Archie D. Gray, Wm. Stone Wells, Houston, for appellees.

WILLIAMS, Justice.

Appellants Hosea Baton and his wife, plaintiffs below, appeal from a decree which granted the motion of appellee, Gulf Oil Corporation, for summary judgment, which denied plaintiffs a recovery of the triangular shaped .165 acre tract of land sued for, and quieted appellee's title in it as against all claims of plaintiffs. Grounded upon the instruments and testimony herein discussed, which were pleaded and introduced by appellee in support of the motion, the court found that the former judgment constituted, as a matter of law, an estoppel by judgment to the herein asserted title to the .165 acre strip.

In 1914, a partition decree was entered in a Rusk County district court wherein the west half of a 111.3 acre tract of land out of the Mary Cogswell H. R. Survey was allotted to O. R. Baton and the east half, called to contain 55 acres by the commissioners in partition, was allotted to above Hosea Baton; and the children of J. D. Baton, deceased, the plaintiffs there, were allotted a 49 acre tract out of the Chisum survey.

In the map which follows, the barb lines represent the fences which enclosed the 111.3 acre tract at the time of above partition. The broken line represents a partition fence that the brothers constructed shortly after the decree, being on the division line as established by the commis-

sioners in their survey and field notes. The line AB represents the South boundary line of the Mary Cogswell H. R. Survey and the North boundary line of the Daniel Clark H. R. Survey. The shaded area within the fence lines represents the .165 acre parcel in controversy. The map is not drawn to scale.

thence S. 27 E. 746 vrs. to S. line of said Mary Cogswell survey; thence E. to the place of beginning.

"It being the intention to include all land owned or claimed by lessor in said survey or surveys."

In 1931, in a trespass to try title action, Lydia Jones and others related in the

Daniel Clark Survey

The east, south and west boundary lines of the tract allotted to Hosea Baton as detailed in the partition decree reads: "Thence South with said W. B. line of the J. C. Barnett Survey 612 yards to the southwest corner of the Barnett Survey; thence west 280 yards to corner; thence N. 27 W. 960 yards to the place of beginning containing 55 acres."

The south boundary line of the tract allotted to O. R. Baton reads: "Beginning 280 yards west of the southwest corner of J. C. Barnett survey; thence west with the North line of the Dan Clark survey 600 yards to a hickory for corner * * *"

Some time prior to September 11, 1930, O. R. and Hosea Baton executed oil and gas leases covering their respective tracts to Devonian Oil Company, the predecessor in title of appellee, Gulf Oil Corporation, the present owner of said two existing oil and gas leases. In the lease executed by Hosea Baton, the tract is described as follows:

"55 acres of land out of the Mary Cogswell survey, about 14 miles North of Henderson, in Rusk County, Texas, set apart to Hosea Baton, by decree of partition in the District Court of Rusk County, Texas, shown on pages 92–5, Vol. 3 of the Civil Minutes of the District Court of said County and State, bouned as follows: Beginning at the S. E. corner of the Mary Cogswell survey; thence N. 661 vrs. to N. E. corner of said survey; thence W. 648 vrs. to O. R. Baton's 55 acre tract;

half-degree to the Batons above mentioned, sued for recovery of an undivided one-half interest in the 111.3 acre tract. O. R. Baton, Hosea Baton joined by his wife, and all other parties to the 1914 partition decree and Gulf Production Company answered respectively in which the 3, 5, 10 and 25 years' statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, were pleaded and urged in defense and with respect to the ten years' statute of limitation, they each pleaded in paragraphs 6 and 7 of their answers that plaintiffs ought not to have and maintain the cause of action because they say:

(6) " * * * that these defendants, and those whose title they hold, have had peaceable and adverse possession of the tract of land above described in plaintiffs said petition, cultivating, using and enjoying the same for more than ten years after plaintiffs alleged cause of action accrued and before the commencement of this suit, during which period they have had said lands actually enclosed * * *

(7) " * * * that these defendants, and those whose title they hold, have had peaceable, continuous and adverse possession of the tract of land described in plaintiffs said petition, cultivating, using and enjoying the same for a period of more than ten years after plaintiffs alleged cause of action accrued and before the commencement of this suit, taken and held under a written memorandum of title other than a deed, fixing the boundaries

of said tract, and their claim thereto, and duly recorded on the 16 day of Jan. A.D. 1914 in the office of the county clerk of Rusk County, Texas * * *"

At the conclusion of the evidence in a trial of above case, the trial court on September 27, 1932, instructed the jury to find in favor of defendants and against plaintiffs and entered judgment accordingly. No appeal was perfected and such judgment became final.

A plat, drawn to scale, which detailed fences enclosing the 111.3 acre tract, the partition fence, and the triangular shaped strip, as indicated in the map hereinabove set out, was introduced in evidence by the defendants in the 1932 trial. In testifying about the tract, Hosea Baton then testified: "It is fenced"; "at the time of the partition (1914) it was all under one enclosure"; "in 1915, I built a partition fence between me and my brother"; "built a house there before the partition and lived in the house all the time"; "kept up the fences, had control of that land and claimed it for me and my family."

In another trespass to try title action filed in March, 1933, and prosecuted to judgment in 1935, which is discussed in Gulf Production Co. v. Baton, Tex.Civ. App., 108 S.W.2d 960, Hosea Baton then testified that he had "recently" been around the fences that go around the entire 111.3 acres out there; and the fence "was located now (1935) where it has always been located" since his mother's death (1912).

■■ The action of the trial court is sustained under the applicable rule as reaffirmed in Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526, 528, which reads: " * * * where an issue of fact is made in a suit which becomes necessary to and upon which the determination of the issues in that suit turned and rested, upon the establishment thereof by evidence in a subsequent suit between the same parties upon a different cause of action, such determination of the issue and the judgment based thereon in such former suit create an estoppel by

judgment against the determination again of the self-same issue."

In the further application of this rule see Kington v. Bellamy, Tex.Civ.App., 50 S.W.2d 449, w/r; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Harrison v. First National Bank, Tex.Civ.App., 224 S.W. 269. "The judgment estops the parties, and of course their privies * * *." Warren v. Houston Oil Co., Tex.Com.App., 6 S.W.2d 341, 342; Federal Trust Co. v. Baxter, 128 Neb. 1, 257 N.W. 368; 50 C.J.S., Judgments, § 735, p. 230.

Appellants assert above rule is not applicable here because the field notes in each and all of the pleadings, instruments and judgments in the prior litigation described land situated in the Mary Cogswell survey and not, as here, in the Daniel Clark survey.

The evidence conclusively discloses that in all the former actions that the litigants and the court dealt with a tract of land which had been inherited, and in each suit as well as in the instant suit the Batons pleaded specially title to the tract under the ten-year statute of limitation. It appears conclusively from the testimony given by Hosea Baton in the former suit that they and the court were all dealing with such lands that were within the fences which include the strip in controversy. The claim of appellee's predecessor in title that the oil leases covered the same land that had been allotted to the Batons in the partition was raised and determined by the court in the 1935 judgment and included all of same, as so shown in 108 S.W.2d 960, 966. The foregoing summary clearly is a denial of appellants' contention for "if a judgment necessarily presupposes certain premises, they are conclusive as the judgment itself. Reasons for the rule are that a judgment is an adjudication on all the matters which are essential to support it, and that every proposition assumed or decided by the court leading up to the final conclusion and upon which such conclusion is based is as effectually passed upon as the ultimate

question which is finally solved." 30 Am. Jur. 928, § 183; Morrell v. Towle, 141 Neb. 370, 3 N.W.2d 655, 663, 664.

The judgment of the trial court is affirmed.