[No. 11252. Department Two. — August 25, 1886.]

## JOHN AMER, APPELLANT, v. R. F. HIGHTOWER ET AL., RESPONDENTS.

FRAUDULENT SALE — OWNERSHIP DOES NOT PASS TO VENDEE — REMEDIES OF SELLER. — Where a sale of personal property is procured by fraud, the ownership of the property is not changed, unless the seller in some way afterwards ratifies the sale; and in the absence of a ratification, the seller may maintain an action to recover possession of the property or damages for its conversion.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hatton & Fulkerth,* and *W. E. Turner,* for Appellant.

The sale being fraudulent, no title passed to the purchaser, and the seller was entitled to maintain an action to recover the possession of the property. (*Allison* v. *Matthieu,* 3 Johns. 235; *Van. Cleef* v. *Fleet,* 15 Johns. 147; *Andrew* v. *Dietrich,* 14 Wend. 31; *Mowrey* v. *Walsh,* 8 Cow. 238; *Tamplin* v. *Addy,* 8 Cow. 239; *Butler* v. *Collins,* 12 Cal. 461; *Abbott* v. *Barry,* 5 Moore, 98; *Buffington* v. *Gerrish,* 15 Mass. 156; *Lupin* v. *Marie,* 2 Paige, 169; *Badger* v. *Phinney,* 15 Mass. 364; *Irving* v. *Motley,* 7 Bing. 543; *Root* v. *French,* 13 Wend. 570.)

*Wright & Hazen, L. W. Elliott,* and *Reddick & Solinsky,* for Respondents.

The recitals of the bill of sale are conclusive, and cannot be assailed so as to show that no title passed. (Code Civ. Proc., sec. 1963; *Rhine* v. *Ellen,* 36 Cal. 369; *Coles* v. *Soulsby,* 21 Cal. 47; *Hendrick* v. *Crowley,* 31 Cal. 471.) The bill of sale cannot be attacked for fraud without an allegation thereof. (*Kent* v. *Snyder,* 30 Cal. 667; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 124; *Somes* v. *Brewer,* 2 Pick. 201; *Stevens* v. *Hyde,* 32 Barb. 177.)

BELCHER, C. C.—This is an action to recover the possession of certain personal property, or its value in case a delivery cannot be had, and damages for its detention. The answers deny all the allegations in the complaint.

At the trial, the plaintiff was called as a witness, and testified in his own behalf. He was then asked, on cross-examination, if he had ever made a bill of sale of the property described in the complaint, and answered that he had. The bill of sale was shown to him, and he said "he signed it, but it was got out of him by lying." The bill of sale was then offered by the defendants, and received· in evidence, the material parts of it reading as follows:—

"In consideration of the sum of $2,055 to me in hand paid by R. F. Hightower, I do hereby sell and deliver to him," etc. (describing property).

"In witness whereof I have hereunto set my hand this eighteenth day of September, 1884.    JOHN AMER."

On redirect examination, the witness was asked to state all the circumstances under which he gave the bill of sale.

Counsel for defendants objected to the question, upon the ground that it was incompetent, irrelevant, and immaterial under the pleadings; that no fraud having been alleged in the complaint, and this being an action at law, the plaintiff was bound by the wording and language of the bill of sale, and could not vary, alter, or modify it by parol testimony.

Counsel for plaintiff then offered to prove by this witness and others that the bill of sale was obtained from plaintiff by fraud, falsehood, and deceit on the part of Hightower and others; that no consideration had been paid for it; that he had never delivered the property, or any part of it, to Hightower, or any one else; that after discovering the fraud practiced upon him, he immediately demanded that the bill of sale be returned to him, and refused to deliver the property; that Hightower

promised to return the bill of sale, but failed to do so, and that he took the property from plaintiff's possession without his knowledge or consent; and that the other defendants were at all times fully aware and cognizant of all the facts of fraud and deceit under which the bill of sale and possession of the property were obtained by Hightower.

The court sustained the objection, and refused to allow any such testimony in the case, and the plaintiff duly excepted.

Thereupon both parties rested, and the court instructed the jury to return a verdict for the defendants.

The plaintiff appeals from the judgment, and from an order denying him a new trial.

Several points are made by the appellant, but the only material one relates to the rulings of the court upon the offered testimony. Those rulings were based upon that part of section 1962 of the Code of Civil Procedure which reads as follows:—

"The following presumptions, and no others, are deemed conclusive:—

"2. The truth of the facts recited from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

It is claimed for the respondents that under this section the recital in the bill of sale that the plaintiff does "hereby sell and deliver" to the defendant the property is conclusive upon him, and not subject to be disputed except by a suit in equity to set aside the bill of sale.

In our opinion, the claim is not supported by reason or authority. The rule is well settled that when a sale of personal property is procured by fraud the ownership of the property is not changed, unless the seller in some way afterwards ratified the sale. In *Ash* v. *Retnam*, 1 Hill, 303, Judge Cowen states the rule as follows:—

"When a sale is procured by fraud, no title passes to the vendee; the vendor still retains his right in the goods, unless after discovering the fraud he assented to and ratified the act of sale positively, or by such delay in reclaiming the goods as would authorize a jury to infer assent"; and he cites *Root* v. *French*, 13 Wend. 570; S. C., 28 Am. Dec. 428.

The same doctrine is reasserted in *Cary* v. *Hotailing*, 1 Hill, 311, S. C., 37 Am. Dec. 323, and in *Olmsted* v. *Hotailing*, 1 Hill, 317.

In *Mason* v. *Bovet*, 1 Denio, 73, Judge Beardsley says: "Fraud destroys the contract *ab initio*, and the fraudulent purchaser has no title"; citing Chitty on Contracts, Am. ed. of 1842, 406, 678–681. See also *Hodgeden* v. *Hubbard*, 18 Vt. 504; S. C., 46 Am. Dec. 167.

In *Thurston* v. *Blanchard*, 22 Pick. 18, S. C., 33 Am. Dec. 700, Shaw, C. J., held that "if a purchase of goods is effected by means of fraudulent representations on the part of the vendee, the vendor may maintain trover for the goods against the vendee without a previous demand."

In Benjamin on Sales, 2d ed., 342, speaking of a sale which the vendor has been fraudulently induced to make, it is said: "This contract is *voidable* at the election of the vendor, not void *ab initio*. It follows, therefore, that the vendor may affirm and enforce it, or may rescind it. He may sue in *assumpsit* for the price, and this affirms the contract, or he may sue in trover for the goods or their value, and this disaffirms it."

In *Butler* v. *Collins*, 12 Cal. 457, which was an action to recover damages of the defendant as for a trespass and conversion of goods, this court reviewed the authorities, and announced the law to be that "the ownership of goods is not changed when the claim to such ownership is based upon a fraudulent contract."

It was held that when the defendant, intending to deceive the plaintiff, got from him a bill of sale for goods

under the representation that it was only to serve as a temporary security for the compliance by the plaintiff with an engagement to furnish certain securities on previous indebtedness, and *at this time* intended to refuse to receive such security, or give plaintiff the advantage of such new contract, the possession of the goods thus obtained was fraudulent, and the bill of sale void. "It is as much a trespass," the court said, "to take possession under such circumstances as without color of contract."

And it was further said: "This being so, the civil remedies of the party defrauded are clear; viz., trover or replevin in the *detinet,* or trespass or replevin in the *cepit,* at his election."

The testimony offered and rejected was to the effect that the bill of sale and the possession of the property were obtained from the plaintiff by fraud and misrepresentations, and that as soon as he discovered the fraud he repudiated and rescinded the sale. This was competent testimony, and should have been received. The rule above stated has not been changed by the code. Fraud vitiates a sale now as it did before the codes were passed. Nor have the remedies been changed.

It follows that the section of the Code of Civil Procedure upon the supposed authority of which the rulings were made has no application to the case, and the judgment and order should therefore be reversed, and the cause remanded for a new trial.

SEARLS, C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.