## THOMAS v. ADELMAN.

(District Court, E. D. New York. April 11, 1905.)

BANKRUPTCY—VOIDABLE PREFERENCE—KNOWLEDGE OF DEBTOR'S INSOLVENCY.
    A creditor who knew when he received repayment of a loan, after pressing for the same for several months after it was due, that the debtor obtained the money by a sale of his stock of merchandise, and that such sale put him out of business, had reasonable cause to believe the debtor insolvent, and that he intended to give a preference; and the amount is recoverable by the debtor's trustee in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445].

Action by Trustee in Bankruptcy to Recover Alleged Unlawful. Preference.

Edwin Louis Garvin, for complainant.

Jesse Silberman, for defendant.

THOMAS, District Judge. This is an action to recover money alleged to have been paid to the defendant by the bankrupt, on the ground that it was a preference, within section 60a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). Proceedings in bankruptcy were instituted on February 13, 1903. It appears from the defendant's statement that in May or June of the previous year the bankrupt came to him "and wanted to loan some money, saying he had some bills to pay, and was very short. I had known him for a number of years, and knew him to be thoroughly reliable. So I gave him the money. That was one occasion. He called again at my office, and I made him another loan, which was supposed to be paid within a month or two." The first loan was $125 or $100, and the second loan was $130. The defendant states:

"He pleaded poverty, and I simply gave it to him, and he said he would return it within a month or two. Q. Then it was due several months ago? A. Yes; in August. Q. Both amounts? A. Yes. Q. Did you press him? A. Yes; I pressed him from September on. Q. What excuse did he give you? A. He simply said business was bad, but that, as soon as he could, he would.

pay. Q. Did he finally pay you? A. Yes; after I had pressed him. Q. How much did he pay you? A. He paid me the full amount, $255. Q. When did he pay this? A. 9th of February. Q. How did he explain his ability to pay you on that date? A. He claimed that it was due to my pressing that he was put out of business.".

It further appears that before the payment the defendant went to the bankrupt's store, and, finding him absent, told his wife that he must have the money; that he told the bankrupt the same; and that later he wrote a letter in which he said he must have the money. It further appears from the defendant's statement that he had loaned the bankrupt money from time to time for nine years; that he never asked about his financial business; that when he went to the store he found a nicely arranged place, nicely stocked. It further appears that the bankrupt at the time was totally insolvent, and that, in order to pay the defendant the debt, he sold his goods, and paid him from the proceeds.

Upon this evidence, it is concluded that the defendant had reasonable cause to believe that the payment was made with the intention of giving him a preference. The creditor must have had knowledge that the bankrupt's business was bad, and that he only made the payment after being pressed therefor, and that such pressing resulted in putting the defendant out of business. Such state of facts would ordinarily show that the debtor was unable to pay his debts, and that the enforcement of the claim had produced such a crisis in his business as compelled him to abandon the same. It is not a case of a business man going into voluntary liquidation, but presents the case of a man in trade, forced to abandon his trade to meet the claim of a creditor.

On this state of facts, it is considered that the plaintiff should have a judgment to recover the sum of $255, with interest from the time that the action was begun.