### SUNDHEIM v. RIDGE AVENUE BANK.

(District Court, E. D. Pennsylvania. July 8, 1905.)

#### No. 2.

1. BANKRUPTCY—PREFERENCES—INSOLVENCY—NOTICE.

That a creditor receiving payment from the bankrupt within four months prior to bankruptcy had reasonable cause to believe that it was intended to give a preference does not require proof that the creditor had either actual knowledge or actual belief that the bankrupt was insolvent at the time, but only proof of such surrounding circumstances as would lead an ordinarily prudent business man to so conclude.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 256, 257.]

2. SAME—EVIDENCE.

In a suit by a bankrupt's trustee to recover an alleged preference, evidence *held* to require submission to the jury of the question whether defendant had reasonable cause to believe that a preference was intended by the bankrupt.

Overruling Motion for a New Trial.

E. Clinton Rhoads, for trustee.
Charles F. Warwick, for Ridge Avenue Bank.

HOLLAND, District Judge. This is a suit under section 60b of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], to recover an alleged preference, as defined by section 60a of the same act. The amount claimed by the plaintiff is $1,320, which was paid to the defendant by the alleged bankrupt under the following circumstances: The Kensington Leather Company had been manufacturing leather under a secret process, which was supposed to be very valuable. The business was not profitable, and in order to raise money the directors indorsed a note of

$3,000 for the company, which was discounted by the defendant, and became due on March 23, 1904. The note was renewed on that date, with the same indorsers, for three months, and again fell due June 23, 1904. At the time of the renewal on March 23, 1904, there was no payment on account, and the bank officers were told by the makers of the note that there was no money to pay it, but that there was leather waiting to be sold. On the 2d day of June, about three weeks before the note again fell due, Edgar S. Gardner, the vice president of the bank, informed Roger J. Maynes, who seemed to be managing the leather company's business, that the board would insist upon a satisfactory settlement of the note when it fell due. At that time the leather company had on deposit with the defendant the sum of $650, out of which Maynes drew a check on that date, to wit, June 2, 1904, for $500, and paid on account of the note, which was not yet due. Mr. Gardner informed him that this payment would not be satisfactory, when he was told by Maynes they still had the leather on hand, which they were unable to sell, and therefore unable to reduce the note any further, but informed Gardner that, if he would sell the leather for the company, the proceeds could be appropriated on account of the note. Mr. Gardner called up a Mr. Orr, who was in the leather business, and as a result the leather was accepted by the bank and sold, and $820, the proceeds thereof, credited on the note when it fell due on June 23, 1904, and a new note was given for the difference. At the time of the transfer of this property to the bank by the leather company there was an inquiry as to the solvency of the leather company, and the bank was informed by Mr. West, then secretary of the company, and also by Mr. Maynes, that the company was solvent. There was, however, no further inquiry on the part of the bank to ascertain the correctness of this statement, notwithstanding the fact that the company was unable to pay in cash, and had transferred part of its assets for the purpose of meeting the demands of the defendant. The defendant, by its officer, at the trial of the case insisted that it had no knowledge of the insolvency of the leather company at the time these payments were made. Subsequently, within four months from the time of these payments to the bank, the leather company was declared insolvent, the plaintiff was appointed trustee, this suit was brought, and at the trial before a jury on March 16, 1905, a verdict was rendered in favor of the plaintiff for the sum of $1,380.20. The question of the insolvency of the leather company at the time the payments were made, together with the question as to whether the bank had reasonable cause to believe that it was intended by such payments to give a preference, was left to the jury, with proper instructions, to which no objections were made, and the verdict was in favor of the plaintiff for the sum above specified.

On the motion for a new trial there are four reasons assigned, but the only question raised, according to the rules to be considered, is the third, which was in the form of a request to the court to charge the jury that, "under all the evidence in this case, your verdict must be for the defendant," which was refused. In

this we are still of the opinion there was no error. Reasonable cause to believe that it was intended to give a preference does not require proof that the defendant had either actual knowledge or actual belief, but only such surrounding circumstances as would lead an ordinarily prudent business man to conclude that a preference was intended. And whether or not the facts and circumstances in the possession of the defendant in this case at the time the payments were made to it were sufficient to cause an ordinarily prudent business man to conclude a preference was intended was a question for the jury, and not for the court. Wetstein v. Franciscus (C. C. A.) 133 Fed. 900; In re Andrews (D. C.) 135 Fed. 599; Thomas v. Adelman (D. C.) 136 Fed. 973.

The motion for a new trial is overruled.