[S. F. No. 4607. Department One.—April 27, 1908.]

## WENDLING LUMBER COMPANY, Appellant, v. GLENWOOD LUMBER COMPANY, Respondent.

ORDER GRANTING NEW TRIAL—APPEAL—REVIEW NOT LIMITED TO GROUNDS STATED.—In reviewing an order granting a new trial, the appellate court is not limited to the grounds expressly stated in the order, but may consider and determine any ground specified in the notice of intention, except that the ground for insufficiency of evidence cannot be reviewed, when the evidence is substantially conflicting.

ID.—ORDER GRANTED FOR INSUFFICIENCY OF EVIDENCE—SUPPORT OF VERDICT FOR MOVING PARTY—CHANGE OF JUDGE IMMATERIAL.— Where the order was granted for insufficiency of the evidence; and sufficient evidence appears to support a verdict for the moving party, notwithstanding conflicting evidence to the contrary, this court cannot interfere with the order; and the fact that the order was made by a judge other than the one who tried the case, is immaterial, and cannot extend the power of this court to interfere therewith.

TROVER—CONVERSION OF LUMBER—FRAUD IN PROCURING SALE—TRANSFER WITHOUT VALUE—NOTICE—AVOIDANCE OF TITLE—PLEADING— EVIDENCE.—In an action of trover for the conversion of lumber, when the complaint contains the usual averments, and the defendant denies plaintiff's ownership and the conversion, the plaintiff, without pleading that the property was acquired by a third party by fraud in procuring the sale thereof from plaintiff, and was transferred by him to the defendant without consideration, and with notice of the fraud, may prove these facts in avoidance of the title, as between the original parties, and as against the defendant, where the action was promptly brought.

Id.—Effect of Fraud in Sale—Title for Certain Purposes—Election—Defrauded Party.—The fraudulent sale passed the title sufficiently to protect a *bona fide* purchaser without notice of the fraud, and sufficiently to be confirmed in case of such long acquiescence and unreasonable delay by the party defrauded as to suggest the inference of his consent; though by prompt action of the vendor, upon discovery of the fraud he may elect to treat the sale as void, both as against the original purchaser, and as against a fraudulent vendee with notice.

Id.—Election of Remedies by Defrauded Party.—The defrauded party may elect between the civil remedies of trover, replevin in the *cepit*, replevin in the *detinet*, or trespass.

Id.—Fraud not a Part of Cause of Action—Order of Proof.—The cause of action, in the remedy shown, does not rest upon fraud. The fraud comes in technically not as a part of the plaintiff's *prima facie* case, but by way of reply to any claim of the defendant resting upon the sale; yet this is a mere matter of order of proof.

Id.—Sufficiency of Proof of Fraud — Presumption — Conflicting Evidence.—The presumption of law is in favor of honesty and fair dealing, where there are no confidential relations; and the evidence of fraud must be more than sufficient to raise a suspicion. It is held that the evidence on the question of fraud was such as to make the decision of the trial court in the matter conclusive upon this court.

APPEAL from an order of the Superior Court of Santa Clara County granting a new trial. Hiram D. Tuttle, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, and B. A. Herrington, for Appellant.

Jackson Hatch, and Walter H. Linforth, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order granting defendant's motion for a new trial in an action for damages for the alleged conversion of certain lumber. The order granting the new trial was made by the successor of the judge who presided at the trial of the cause, and was expressly made upon the grounds that the evidence was insufficient to sustain the verdict and that the jury did not follow the instructions of the court.

Defendant claims that the order granting a new trial was correctly made for a reason not specified therein,—viz. that the trial court erred in admitting certain evidence. It is true, as claimed by counsel, that in our review of the order we are not confined to the grounds specified therein by the court granting the motion, but will affirm the order if it was correctly made upon any ground upon which the motion was based (see *Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 428, [83 Pac. 439], and cases there cited), the only limitation being that where the trial court has in its order expressly excluded the ground of insufficiency of evidence as a basis for its action, we will not consider that ground if the evidence was conflicting. We are, therefore, called upon to determine whether the trial court erred in admitting the evidence referred to.

The complaint was in the form ordinarily used in an action for the conversion of personal property, simply alleging the ownership and right to possession by plaintiff of the property on a day named, the wrongful deprival and conversion to its own use of said property by defendant on that day, the market value of said property, a demand for the return of the property, and a refusal by defendant to comply therewith, the consequent damage, and non-payment of any part thereof. By its answer, defendant simply denied each of the allegations of the complaint except the one as to the value of the property, which it admitted to the extent of $4,856.40, which was the amount of the verdict.

The theory of plaintiff's case was that one J. H. Routt, not a party to this action, had obtained such property from plaintiff by means of certain false representations, willfully made for that purpose, relying upon which plaintiff sold and delivered the property to Routt, that defendant received the property from Routt without giving any valuable consideration therefor, and with full knowledge of the fraud by means of which the same had been obtained, and that plaintiff upon discovering the fraud at once repudiated the sale, and, treating it as void because of the fraud, commenced this action for the wrongful conversion of the property. Over the objection of defendant, plaintiff was permitted to introduce evidence in support of this theory. It is the admission of this evidence that is alleged to have been

erroneous. The objection urged is that no fraud being alleged in the complaint, the evidence of fraud was incompetent under the pleadings, defendant resting upon the general rule that where fraud is relied on by a party he must allege it. We are satisfied that this rule is not applicable here. It appears to be thoroughly established that where a sale of personal property is procured by fraud, the ownership of the property is not changed and no title passes to the vendee, and the vendor retains his right in the property, unless after discovering the fraud he assents to and ratifies the act of sale, either positively or by such delay as would authorize the inference of assent. (See *Butler* v. *Collins,* 12 Cal. 457; and *Amer* v. *Hightower,* 70 Cal. 440, [11 Pac. 697], and authorities therein cited.) As was said in *Butler* v. *Collins, supra,* and approvingly quoted in *Amer* v. *Hightower, supra,* "the civil remedies of the party defrauded are clear, viz.: trover, or replevin in the *detinet,* or trespass or replevin in the *cepit,* at his election." One who acquires the property from the fraudulent vendee under such circumstances that he cannot be held to be a purchaser in good faith and for a valuable consideration, is in no better position than the fraudulent vendee, and the defrauded party has the same remedies against him that he had against such fraudulent vendee (See *Sargent* v. *Sturm,* 23 Cal. 359, [83 Am. Dec. 118]). It seems clear that in an action brought upon the theory that the vendor is the owner and entitled to the possession of the property, and that the defendant unlawfully withholds possession thereof, or has converted the same to his own use, the general allegations of ownership and right to possession, and unlawfully withholding or conversion are sufficient, and will render admissible proof of any facts sustaining such claim. It is elementary that a plaintiff is not required to anticipate in his complaint any defense that may be made by the defendant. (See *Canfield* v. *Tobias,* 21 Cal. 349.) The fact that a defendant owns and holds the property claimed because of a valid sale, or because he acquired the same from a fraudulent vendee, in good faith and for a valuable consideration, is purely a matter of defense, and when in such an action a defendant asserts any such claim, plaintiff can meet it by proof that such sale was void because of fraud, without having made

any allegation of fraud in the complaint.   This is illustrated by the case of *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630], an action to quiet title to land where the defendant set up in defense an agreement of sale, and plaintiff was allowed to introduce evidence in rebuttal showing that such instrument was obtained by fraud, without having alleged fraud in the complaint.   The court, after saying that plaintiff could not know, when filing the complaint, that the defendant would answer, nor that, if he did, he would claim under the instrument in question, said that the principle governing the case was that stated in *Sterling* v. *Smith,* 97 Cal. 343, [32 Pac. 320], as follows: "No doubt, when a cause of action rests upon fraud, the facts constituting the fraud must be set up in the complaint; but such was not the case here, for the necessity of proving fraud appeared only after the answer of the defendant.   And a plaintiff is in that position with respect to all new matters set up in the answer."   The same is, of course, true as to the matters disclosed by evidence in behalf of a defendant properly given under denials contained in the answer.   It is not correct to say in a case of the character before us that the plaintiff's cause of action rests upon fraud. It rests upon his ownership of the property and the conversion thereof by defendant, and fraud comes in only in reply to the defense that defendant is the owner by reason of an ' alleged sale by the plaintiff.   Technically, proof of fraud as to such sale was not a part of plaintiff's *prima facie* case, and was available only in reply to any claim of defendant based on the sale, but this was a mere matter of order of proof. It is the general rule that in actions for the conversion of personal property where the property has been procured by fraud, it is not necessary to allege the fraud, but it is sufficient to declare generally, that the property was wrongfully converted.   (See 21 Ency. of Plead. & Prac., p. 1087; *Salisbury* v. *Barton,* 63 Kan. 552, [66 Pac. 618] ; *Pekin Plow Co.* v. *Wilson,* 66 Neb. 115, [92 N. W. 176] ; *Hunter* v. *Hudson River Co.,* 20 Barb. 493; *Bliss* v. *Cottle,* 32 Barb. 323; *Benesch* v. *Wagner,* 12 Colo. 534, [13 Am. St. Rep. 254, 21 Pac. 706].) In our own case of *Amer.* v. *Hightower,* which was an action in replevin, the complaint was apparently destitute of allegation of fraud, and the judgment for defendant was reversed because of the rejection by the lower court of evidence offered

by the plaintiff tending to show fraud on the part of defendant in obtaining a bill of sale for and possession of the property. (See, also, *Nudd* v. *Thompson,* 34 Cal. 39; *Summerville* v. *Stockton Mill Co.,* 142 Cal. 547, [76 Pac. 243]; *Conner* v. *Bludworth,* 54 Cal. 635.) If *Burris* v. *Adams,* 96 Cal. 664, [31 Pac. 565], and *Burris* v. *Kennedy,* 108 Cal. 331, [41 Pac. 458], are at all inconsistent with the views herein expressed, in so far as they are so inconsistent they have been modified by *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630]. The other cases relied on, with the exception of *Virginia Timber etc. Co.* v. *Glenwood Lumber Co.,* 5 Cal. App. 256, [90 Pac. 48], were clearly cases where the plaintiff's causes of action or the defendant's defense strictly rested on fraud, and the general rule requiring the allegation of the facts constituting the fraud was applicable. *Albertoli* v. *Branham,* 80 Cal. 631, [13 Am. St. Rep. 200, 22 Pac. 404], and *Wetherby* v. *Straus,* 93 Cal. 283, [28 Pac. 1045], are fair examples of this class of cases, each being a case where the claim of the defendant conceded the validity and completeness of a transfer as between the parties thereto, and it was sought to set the transfer aside or have it declared void in favor of creditors, on the ground that it was made with fraudulent intent. An action brought for the purpose of having a specified conveyance annulled on the ground of fraud would doubtless fall in the same class, but this is not such a case. The decision of the district court of appeal in *Virginia etc. Co.* v. *Glenwood etc. Co.,* 5 Cal. App. 256, [90 Pac. 48], is precisely in point, but we are unable to accede to the views of the learned district court of appeal therein expressed.

We cannot hold, however, that the trial court was not warranted in granting a new trial on the ground of insufficiency of evidence to sustain the verdict. To justify any interference of this court with an order granting a new trial on the ground of insufficiency of evidence, the case must be such as to compel us to hold that a verdict in favor of the moving party would not have found sufficient legal support in the evidence given on the trial. If the case be one where a verdict in favor of such moving party would have had such support the judge of the trial court is invested with absolute discretion in the matter, and, as has been heretofore said by this court, it was his duty to grant a new trial if he is not

satisfied with the verdict (*Condee* v. *Gyger,* 126 Cal. 546, [59 Pac. 26], and this court will not interfere with the action of the trial court in such cases, even if it believes that the weight of the evidence was the other way. The fact that the judge who heard and granted the motion was not the judge who presided at the trial in no degree extends our power in the matter. (*Churchill* v. *Flournoy,* 127 Cal. 355, [59 Pac. 791].) The burden was on plaintiff, of course, to establish the fraud on the part of Routt in the purchase of the lumber. The presumption of the law, except where confidential relations are involved, is in favor of honesty and fair dealing, and the evidence in support of the claim of fraud must do more than to create a mere suspicion thereof. (See *Levy* v. *Scott,* 115 Cal. 42, [46 Pac. 892] ; *Casey* v. *Leggett,* 125 Cal. 671, [58 Pac. 264].) The fraud in this case consisted of various alleged misrepresentations of fact, said to have been material, and upon the faith of which plaintiff claims to have acted in parting with the lumber. We have examined the evidence in regard to these alleged representations, and so far as they may reasonably be held under the evidence to have been material, we find no reason to doubt that a verdict acquitting Routt of fraud would have had sufficient legal support. It would serve no useful purpose to here enter into an analysis of the evidence, and it is sufficient to say, as has been clearly stated in other cases, that the most that can be said for plaintiff's claim in this regard is that the case presented was one where the evidence on the subject of fraud was conflicting, and the decision of the trial court in the matter is conclusive upon us.

The order granting a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.

The court in Bank denied a petition for rehearing May 27, 1908, upon which the following opinion was rendered:—

THE COURT.—In denying a rehearing, it is proper to state that what is said in the opinion relative to want of title in the vendee where a sale of personal property is obtained by fraud was said entirely with relation to the respective rights of the vendor and vendee. That title passes in such a case in the sense that the vendee in good faith and for a

valuable consideration of the fraudulent vendee takes a good title cannot be disputed. But as between the vendor and fraudulent vendee, or any person taking from such fraudulent vendee with notice of the fraud or without consideration, the sale may, at the election of the vendor promptly made, be treated as an absolute nullity.