[Civ. No. 13407. Second Dist., Div. Two. May 1, 1942.]

ROBERT L. WILKINSON, Respondent, v. FRANK L. MARCELLUS, Appellant.

Spray, Davis & Gould for Appellant.

Birger Tinglof for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries which he suffered when the motorcycle on which he was riding collided with an automobile driven by defendant. A jury returned a verdict in favor of defendant and thereafter the trial court granted a motion for a new trial. Defendant has appealed from the order granting the new trial.

In granting a new trial the court based its order upon all the grounds stated in the notice of intention to move for a new trial "and especially and particularly upon the grounds that the verdict of the jury is against the law and that the evidence is insufficient to justify or sustain the verdict of the jury." Since the new trial was granted for insufficiency of the evidence this court cannot reverse the order unless we are compelled to hold that a verdict in favor of plaintiff would not have found sufficient legal support in the evidence given at the trial. (*Wendling Lbr. Co.* v. *Glenwood Lbr. Co.*, 153 Cal. 411 [95 Pac. 1029].) The evidence of course must be considered in the light most favorable to plaintiff (respondent).

The accident occurred after dusk on United States Highway 99, commonly known as Garvey Road, at its intersection with Sunset Avenue in West Covina. Garvey Road extends in an easterly and westerly direction and is a sixty-six foot paved highway divided into two ten foot concrete lanes on each side of a double-marked center line, with an eighteen foot asphalt shoulder on the north and south sides of the four ten foot concrete lanes. A boulevard stop sign is located at the southeast corner of the intersection. The vehicles using the highway were lighted at the time of the accident.

Plaintiff testified that he was a sergeant in the California highway patrol and on the evening of the day of the accident, November 13, 1939, he was operating in the performance of

his duty a motorcycle which was in good mechanical condition; he was 200 feet east of Sunset Avenue when he observed defendant's car before it entered the intersection and before it had reached the boulevard stop, or the limit line, while it was going 4 or 5 miles an hour; another car going towards plaintiff and passing in front of defendant temporarily blocked plaintiff's view, and when he next saw defendant's car it was just entering the intersection; at that moment plaintiff was 125 feet east of the intersection, and he immediately applied his brakes, but defendant kept going straight ahead, without deviation to the left or right, across the intersection, at a speed which attained a maximum of 15 to 18 miles per hour, directly in front of plaintiff's rapidly approaching motorcycle; in an attempt to avoid the collision plaintiff constantly maintained his application of brakes for a distance of 113 feet up to the point of impact.

Orville Vest testified that he was standing on the lighted filling station grounds on the southeast corner of the intersection in question; that defendant stopped his car 16 or 18 feet south of the limit line and about 8 feet south of the boulevard stop sign; that defendant started straight across the main highway at 10 or 12 miles per hour without making any stop at the boulevard stop sign or at the "stop limit line"; that when defendant's car reached the center of the main highway, plaintiff's motorcycle was about 75 feet east of the center of the intersection, at which time the witness heard the application of plaintiff's brakes.

The evidence was conflicting and unquestionably was sufficient to sustain the verdict in favor of defendant. But the question now to be determined is whether, drawing all reasonable inferences in favor of plaintiff (respondent), the evidence also would have sustained a verdict in his favor. Counsel for plaintiff argues that defendant "barged out on to the through highway directly in plaintiff's path, knowing that plaintiff was approaching at the permissible speed of 45 miles per hour, only 125 feet away," and did not stop or swerve his car to avoid the impact; and that plaintiff did everything possible in a futile attempt to extricate himself from the position of danger in which defendant's actions had placed him.

In deciding whether he could rightfully proceed across Garvey Road, a "through highway," defendant was bound by the rules set forth in section 552 of the Vehicle Code, which reads as follows: "The driver of any vehicle which has stopped as required by this code at the entrance to a through

highway shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the through highway.'' It is to be noted that the legislature has not set a hard and fast rule for the conduct of drivers approaching through highways but has provided the general rule that such drivers must yield the right of way to others traveling on the highway who are approaching so closely as to constitute ''an immediate hazard.'' Our complex traffic problems are such that the circumstances of the traffic on a through highway as a driver approaches must govern his conduct in determining whether it is an immediate hazard. Whether a driver acts with due care or negligently in proceeding across a through highway must as a general rule be left to the determination of the jury in view of all the circumstances. We are satisfied that the evidence was sufficient to support a verdict in plaintiff's favor if such a verdict had been returned by the jury.

The order is affirmed.

McComb, J., concurred.

MOORE, P. J., Concurring.—I concur in the judgment.

The opinion of Mr. Justice Wood states that the evidence was sufficient to sustain the verdict in favor of defendant but that the question now to be determined is whether the evidence and its reasonable implications would also have sustained a verdict in favor of plaintiff.

New trials should not be granted solely because the conflicting evidence would have justified a verdict for the losing party. The trial judge must weigh and consider the evidence with the same care as that exercised by him when there is no jury. (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337].) When the verdict is reasonable in view of the law and the evidence, a new trial is not to be granted solely because the jury might lawfully have decided for the losing party. It is only when the trial judge is persuaded that injustice would triumph if the verdict should be permitted to stand. When after a judicious consideration of the record, he concludes that the ''evidence is insufficient to justify or sustain the verdict'' as

in this case, it is his duty to grant a new trial. (*Condee* v. *Gyger*, 126 Cal. 546 [59 Pac. 26].) Upon appeal from such order made upon the ground of insufficiency of evidence, to warrant our interference, it must be made to appear that "a verdict in favor of the moving party would not have found sufficient legal support in the evidence given at the trial." (*Wendling Lbr. Co.* v. *Glenwood Lbr. Co.*, 153 Cal. 411 [95 Pac. 1029].)